## Cash Payments for Unemployment Relief

MARGIOTTI, Attorney General, December 18, 1935.—
We are in receipt of your letter of December 2d relative
to the procedure to be followed in the granting of cash
relief in Philadelphia and Allegheny Counties out of the
State appropriation for unemployment relief.

You wish to be advised whether or not, under the law
providing for the disbursement of relief money, it will
be proper for the Governor, the Auditor General, and the
State Treasurer to provide a system of disbursement
which may, of necessity, not strictly adhere to your
present requirements, particularly the requirements in
existence in the case of advancement requisitions and
the amount of the bonds now required in such cases.

Section 1504 of The Fiscal Code of April 9, 1929, P. L.
343, provides for the making of advancements out of ap-
propriations, and we assume that it is because of the
provisions of this act that you inquire as to the procedure
to be followed in the advancing of money to the State

Emergency Relief Board and the amount of bond to be furnished by the disbursing officer.

The above-cited section of The Fiscal Code provides, in part, as follows:

"Whenever an appropriation shall have been made to any department, board, or commission of the State Government . . . which is intended for expenses of such a nature as to make it impracticable for such department, board, commission . . . to file with the Department of the Auditor General itemized receipts or vouchers prior to the payment of such expenses, upon requisition and warrant in the usual way, such department, board, commission . . . may make requisition upon the Auditor General, from time to time, for such sum or sums of the appropriation as may be necessary to meet such expenses, and the Auditor General, after submission of such requisition to and approval thereof by the Governor, shall draw his warrant upon the State Treasurer for such sum or sums, to be paid out of the appropriation, as in the discretion of the Governor may be necessary, but the advancement shall never in any case exceed the amount of the bond of the officer or individual having control of the disbursements from the funds advanced."

Your inquiry refers to the appropriation made from the General Fund to the State Emergency Relief Board of the sum of $60,000,000 as provided for in Act No. 21-A of the 1935 session of the legislature. Section 2 of said act provides:

"The State Emergency Relief Board shall make allocations from time to time out of the monies appropriated to it among the several counties of this Commonwealth for work relief and direct relief on the basis of need and payments shall be made under such system of requisitioning and accounting as the Governor, Auditor General, and State Treasurer shall determine."

We are of the opinion that the above-cited sections of The Fiscal Code do not apply to the appropriation made to the State Emergency Relief Board by Act No. 21-A.

Payments to be made to the State Emergency Relief Board before bills have been incurred are not advancements out of this appropriation but are merely transfers of money to facilitate the payment of relief to recipients thereof without imposing upon them the great hardships occasioned by unnecessary and prolonged delays. Advancements as contemplated by the legislature in The Fiscal Code no doubt mean advancements for the ordinary and customary expenses of conducting the affairs of the particular board, department or commission to which such advancements are made and which expenses could, with a partial degree of certainty, be approximated. The legislature in 1929 did not conceive that the people of Pennsylvania would be faced by a long period of unemployment and its resultant hunger and distress and that thereupon the State of Pennsylvania would find it necessary in the exercise of its governmental functions to appropriate and disburse money for its worthy and needy citizens. It cannot be contended, therefore, that the legislature in 1929 meant to construe payments to relief recipients to be within the meaning of advancements out of appropriations as used in said section of The Fiscal Code.

Furthermore, in section 2 of Act No. 21-A, quoted above, we have an expression of intention on the part of the legislature of 1935 that payments out of the appropriation made by said act should be made as efficiently and as promptly as possible. The legislature evidenced this intention by stating that payments (from the appropriation) shall be made under such system of requisitioning and accounting as the Governor, the Auditor General, and the State Treasurer shall determine. This legislature realized that because of changing conditions it was impossible to determine from week to week the amount that would be necessary to take care of the needy citizens of this State and that to impose upon the expenditure of the appropriation the same formality that had been imposed by The Fiscal Code would result in great hardship and

additional work for your department and the Department of the Auditor General. It would also result in delay in the payment of relief to the needy.

The legislature no doubt considered the amount of the bond which would have to be given by the disbursing officer, if the provisions of The Fiscal Code, to wit:

". . . the advancement shall never in any case exceed the amount of the bond of the officer or individual having control of the disbursements from the funds advanced" apply to this appropriation. To prevent a breakdown of the system of disbursement of funds to those on relief and to prevent delay in the distribution of relief, the legislature knew that it is necessary that large sums of money be placed at the disposal of the disbursing officer. If this were not done, the needy would be the sufferers of the breakdown of the system or the delay in distribution. The premium on a bond in an amount equal to the sum of money turned over at any one time to the disbursing officer would be prohibitive. Payment for such premium would be made out of the funds appropriated for relief by Act No. 21-A. Consequently, the amount of money available for relief would be decreased in a corresponding amount. One of the great problems facing the State at the present time is the raising of sufficient money to take care of its needy citizens. The legislature realized this situation and by providing:

". . . payments shall be made under such system of requisitioning and accounting as the Governor, Auditor General, and State Treasurer shall determine" evidenced its intention that the appropriation should not be reduced by the payment of premiums on an excessive bond and should not be governed by the above-quoted provisions of The Fiscal Code.

Therefore we are of the opinion, and so advise you, that the procedure to be followed as to advancements and the bonds of the individuals having control of the disbursement from the funds advanced as set forth in section 1504 of The Fiscal Code do not apply to the appropriation made

to the State Emergency Relief Board by Act No. 21-A of the 1935 session of the legislature. The Governor, the Auditor General, and you, as State Treasurer, have the right to determine the system of requisitioning and accounting under which payments from the appropriation shall be made and have the right to fix the bond of the disbursing officer in such amount as you deem sufficient to safeguard the money of the Commonwealth.

From Frederic Ray, Harrisburg.